**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth EVANS, Defendant–Appellant.**

No. 04–10927.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 5, 2005.

J. Michael Worley, Assistant U.S. Attorney, Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Fort Worth, TX, for Plaintiff–Appellee.

Kenneth Evans, El Reno, OK, pro se.

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Kenneth Evans, federal prisoner # 24606–077, appeals from the denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Evans contends that amendment 505 to the Sentencing Guidelines should be applied retroactively to reduce his sentence; that his offense level should be reduced because the relevant sentencing facts were not alleged in his indictment or proved to the jury; and that the adjustment to his offense level for his role in the offense should be invalidated pursuant to *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* ——

U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Evans's motion for leave to file a supplemental brief to raise his *Booker* contention is GRANTED. The Government moves for the dismissal of Evans's appeal as frivolous; the Government's motion is DENIED.

Evans's contention regarding amendment 505 previously has been decided adversely to him; the previous determinations of the district court and of this court stand as the law of the case. *See United States v. Becerra,* 155 F.3d 740, 752–53 (5th Cir.1998). Evans's remaining contentions are outside the scope of 18 U.S.C. § 3582(c)(2). *See United States v. Shaw,* 30 F.3d 26, 29 (5th Cir.1994).

Although we deny the Government's motion to dismiss the appeal as frivolous, we note that Evans has filed five unsuccessful 18 U.S.C. § 3582(c)(2) motions raising amendment 505, and he has pursued relief from sentence pursuant to 28 U.S.C. § 2255 on three occasions. Evans is warned that future challenges to his sentence—whether those challenges are governed by 18 U.S.C. § 3582(c)(2), 28 U.S.C. §§ 2241 and 2255, or any other statutory provision—will invite the imposition of sanctions against him. Those sanctions could include a monetary penalty and/or limitations on Evans's ability to challenge his sentence.

All other pending motions are DENIED.

AFFIRMED. SANCTIONS WARNING IMPOSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.